IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CESAR ACOSTA, ) | |
| ) | Case No. 15-cv-8333 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE ) | Honorable Judge Shah |
| OFFICERS SHAWN HALLINAN (Star #15987), ) | |
| MARK TIMMEL (Star #15568), MICHELE ) | |
| WILKOSZEWSKI (Star #12177), DAVID ) | |
| WIDMANN (Star #28932), JOHN WARD ) | |
| (Star #1552), LUIS MERCADO, WILSON ) | |
| FANTAUZZI, and PAUL WHITE. ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

**SECOND AMENDED CIVIL COMPLAINT**

NOW COMES Plaintiff, CESAR ACOSTA, by and through one of his attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof state as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**JURISDICTION**

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983; the Judicial Code 28 U.S.C. §§1331 and 1343(a); and Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**VENUE**

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Plaintiff Cesar Acosta is a resident of the United States and resides in the Northern District of Illinois.

5. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois. The City of Chicago was and is the public employer of the Defendant Officers. At all relevant times hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

6. Defendant Chicago Police Officers Shawn Hallinan (Star #15987), Mark Timmel (Star #15568), Michele Wikoszewski (Star #12177), David Widmann (Star #28932), John Ward (Star #1552), Luis Mercado, Wilson Fantauzzi, and Paul White (hereinafter "Defendant Officers) are present or former employees of the City of Chicago Police Department. The Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law. Defendant Officers are being sued in their individual capacity.

## BACKGROUND

7. On September 27, 2014, at approximately 4:30 p.m., Plaintiff was involved in a car accident at or near the intersection of Austin Boulevard and Addison Street in Chicago, Illinois.

8. Plaintiff was taken by ambulance from the scene of the accident to Presence Our Lady of Resurrection Medical Center (hereinafter "Resurrection Medical Center") located at 5645 West Addison Street, Chicago, Illinois 60634.

9. An examination at Resurrection Medical Center revealed "obvious abrasions around [Plaintiff's] mouth" and a small laceration on Plaintiff's left cheek.

10. CT scans conducted during the examination revealed no abnormalities.

11. No other injuries were noted by the Resurrection Medical Center Staff during that visit.

12. Plaintiff was released from Resurrection Medical Center into police custody at approximately 9:30 p.m. the same day, September 27, 2014.

13. Defendant Officers transported Plaintiff to the 16th District lockup (hereinafter "16th District) located at 5151 N. Milwaukee Ave., Chicago, Illinois.

14. In the rear of the Paddy Wagon during the transport, Plaintiff harmed himself.

15. Upon arrival to the 16th District, Plaintiff was placed in a cell by himself.

16. Immediately prior to placing Plaintiff in the holding cell, Defendant officers knew that Plaintiff was a danger to himself.

17. Immediately prior to placing Plaintiff in the holding cell, Defendant officers knew Plaintiff harmed himself in the rear of the paddy wagon.

18. Defendant Officers observed Plaintiff acting erratically immediately before Plaintiff was placed in the cell.

19. Defendant Officers believed that Plaintiff was extremely intoxicated on drugs and alcohol when he was placed in the cell.

20. Defendant Officers believed that Plaintiff was at a high risk for harming himself when he was placed in his cell.

21. Defendant Officers took no steps to secure Plaintiff in order to prevent Plaintiff from harming himself when he was placed in the cell.

22. Defendant Widmann recognized that Plaintiff was a danger to himself before Plaintiff was placed in the cell.

23. Despite that knowledge, Defendant Widmann (with the assistance of other officers) placed Plaintiff in the holding cell unsecured.

24. Defendant Widmann informed Defendant Ward that Plaintiff was a danger to himself soon after Plaintiff was placed in the cell.

25. More specifically, Defendant Widmann expressed to Defendant Ward that Widmann was concerned about Plaintiff potentially harming himself.

26. Despite this knowledge, both Defendant Widmann and Defendant Ward failed to summon medical help or treatment for Plaintiff.

27. Despite this knowledge, neither Defendant Widmann nor Defendant Ward took any steps to prevent Plaintiff from harming himself.

28. Other Defendant Officers who were aware that Plaintiff was a danger to himself, also failed to summon medical help or treatment for Plaintiff.

29. Other Defendant Officers who were aware that Plaintiff was a danger to himself, also failed to take any steps to prevent Plaintiff from harming himself.

30. As a result, Plaintiff began beating his head against the walls and doors of the cell causing deep lacerations, bruises and broken bones.

31. Defendant Widmann watched from the window of the cell as Plaintiff caused these injuries to himself.

32. Defendant Widmann did not attempt to stop Plaintiff from harming himself at any time.

33. Plaintiff did not batter any Chicago Police Officer on September 27, 2014.

34. Plaintiff did not resist arrest on September 27, 2014.

35. Plaintiff did not threaten to harm any Chicago Police Officer on September 27, 2014.

36. Plaintiff did not harm or injure any Chicago Police Officer on September 27, 2014.

37. Plaintiff's criminal defense attorney visited him at the 16th District within an hour from the time Plaintiff harmed himself in the cell on the evening of September 27, 2015.

38. When he arrived, Plaintiff's criminal defense attorney discovered Plaintiff lying on the cell floor, nude, unconscious and covered in blood.

39. Plaintiff was alone in his cell when his criminal defense attorney observed him.

40. Plaintiff's criminal defense attorney requested that the officers on-duty call an ambulance for the Plaintiff.

41. Prior to Plaintiff's criminal defense attorney's request, no Defendant Officer called an ambulance to assist Plaintiff.

42. Plaintiff was subsequently transported by ambulance back to Resurrection Medical Center.

43. Upon arrival at Resurrection Medical Center during this second visit, doctors discovered that Plaintiff had bruises and lacerations about his back, face, arms, legs and torso, a broken jaw, a laceration on his scalp, a broken ankle, a right nasal bone fracture, and a black eye.

44. Due to Plaintiff's injuries Plaintiff received 6 staples in his head, and stitches for the laceration on his face. Plaintiff was also given pain medication.

45. Plaintiff was released from Resurrection Medical Center back into police custody on September 28, 2014.

46. Upon his release from police custody, Plaintiff went to Illinois Masonic Medical Center where his ankle was placed in a cast, he was given crutches and pain medication and referred to physicians to have his jaw wired shut.

47. To date, Plaintiff has not been charged with any other crimes related to an altercation with police officers on September 27, 2014.

48. As a result of the Defendant Officers' conduct, Plaintiff suffered damages, including, but not limited to physical and emotional pain and suffering, emotional distress, anxiety, and medical expenses.

## COUNT I
### 42 U.S.C. § 1983- Due Process / State Created Danger
### Against All Defendant Officers

49. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

50. Defendant Officers were acting under the color of law at all relevant times hereto.

51. Under 42 U.S.C. § 1983, a person who, acting under the color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

52. Defendant Officers' conduct violated Plaintiff's substantive due process right to be free from a state-created danger.

53. By locking Plaintiff in a cell unsecured, while Plaintiff was behaving erratic and violent and had already harmed himself in the paddy wagon just before being placed in the cell, created and/or increased the danger that Plaintiff would harm himself.

54. Defendant Officers had actual knowledge that Plaintiff had already harmed himself and was at a severe risk for harming himself again when they put Plaintiff in the cell unsecured and improperly supervised.

55. It was foreseeable that Plaintiff would harm self if left unsecured in his cell and improperly supervised while in custody.

56. The actions taken by Defendant Officers in placing Plaintiff in a cell unsecured while Plaintiff was behaving erratic and violent and had already harmed himself just before being placed in the cell, increased the danger that Plaintiff would harm himself.

57. Further, the actions taken by Defendant Widmann in watching Plaintiff harm himself from the window of Plaintiff's cell, but failing to intervene to stop the harm, created and/or increased the risk that Plaintiff would harm himself.

58. It was foreseeable that Plaintiff would harm self if left unsecured in his cell and improperly supervised while in custody.

59. The actions of Defendant Widmann in failing to summon immediate medical attention for Plaintiff after he harmed himself in the cell created and/or increased the risk that Plaintiff would be harmed.

60. The actions of Defendant Ward in failing to summon immediate medical attention for Plaintiff when Ward was advised of Plaintiff's erratic and violent behavior, created and/or increased the risk that Plaintiff would be harmed.

61. It was foreseeable that Plaintiff would suffer harm if not provided immediate medical care and treatment.

62. The aforementioned actions taken by Defendants were extreme and unreasonable such that they shock the conscience.

63. As a direct and proximate result of the individual Defendants' actions, Plaintiff sustained severe physical injuries as well as emotional pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damagnes, punitive damages, costs and attorney's fees, medical expenses and such other and additional relief that this Court deems equitable and just.

## COUNT II
### 42 U.S.C. §1983- Due Process/ Special Relationship
### Against All Defendant Officers

64. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

65. Under 42 U.S.C. §1983, a person who, acting under the color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

66. When the state has a special relationship with a citizen, such as when it takes the person into custody, the Constitution imposes upon the state a corresponding duty to assume some responsibility for that citizen's safety and general well-being.

67. The Defendant Officers who were aware of that Plaintiff was a danger to himself and did nothing to stop Plaintiff from harming himself, violated Plaintiff's Fourteenth Amendment Substantive Due Process Rights when they acted with deliberate indifference to a substantial risk that Plaintiff would be harmed.

68. Defendant Officers knew that there was a foreseeable risk that Plaintiff would be harmed if not protected from himself.

69. Defendant officers knew that Plaintiff was in custody and he had no other avenues of protection.

70. Defendant Officers did not take any steps to protect Plaintiff from harming himself.

71. As a result of the Defendant Officers' conduct, Plaintiff sustained severe physical injuries that resulted in a broken jaw, broken nose, broken ankle, and six staples to his head.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs' and attorneys' fees and additional relief that this Court deems equitable and just.

## COUNT III
### 42 U.S.C. § 1983- Failure to Provide Medical Attention
### Against All Defendant Officers

72. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

73. Plaintiff had a serious need for medical attention when in Defendants' custody.

74. Defendant Officers were deliberately indifferent to this serious medical need by failing to allow Plaintiff prompt access to an ambulance and the services of paramedics and instead, waiting until Plaintiff's attorney requested that they call for an ambulance.

75. This misconduct undertaken by Defendant Officers caused harm to Plaintiff.

76. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs' and attorneys' fees and additional relief that this Court deems equitable and just.

### COUNT IV
### 42 U.S.C. § 1983- Failure to Intervene
### Against All Defendant Officers

77. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

78. Defendant Officers had a reasonable opportunity to prevent one another from depriving Plaintiff of Plaintiff's substantive due process rights.

79. Defendant Officers had a reasonable opportunity to prevent one another from failing to provide Plaintiff with necessary medical attention, but failed to do so.

80. As a result of Defendants' failure to intervene as set forth herein, Plaintiff was injured.

81. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to Plaintiff's rights.

WHEREFORE, as a result of Defendants Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, costs and attorneys' fees and any additional relief that this Court deems equitable and just.

### COUNT V
### State Claim- Intentional Willful and Wanton Negligence
### Against the City of Chicago

82. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

83. Defendant Officers had a duty to protect Plaintiff from harm while he was in custody.

84. Defendant Officers breached this duty by ignoring the known and foreseeable risk that Plaintiff would harm himself.

85. Defendant Officers further breached this duty by allowing Plaintiff to continue to impose injuries upon himself without intervening to prevent further harm.

86. Defendant Officers further breached this duty by failing to provide Plaintiff with immediate medical care and treatment.

87. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause harm to Plaintiff.

88. The conduct of Defendant Officers was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

89. As a result of the Defendant Officers' conduct, Plaintiff sustained physical injuries as well as emotional pain and suffering.

90. The misconduct undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

### COUNT VI
### Negligent Spoliation of Evidence
### Against the City of Chicago

91. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

92. Defendant City of Chicago had in its possession surveillance video tapes that contained footage of portions of the incident.

93. Defendant City of Chicago employees destroyed or failed to preserve potential video and/or other evidence related to the incident.

94. The video contained footage that was material and relevant to Plaintiff's claims of due process, failure to provided medical attention and intentional willful and wanton negligence.

95. Defendant City of Chicago owed a duty to Plaintiff to preserve this evidence and a duty not to engage in a conspiracy to destroy the video.

96. Defendant City of Chicago breached its duty to preserve the footage by failing to preserve the same.

97. Because of the nature and extent of the injuries Plaintiff suffered in the 16th District lockup, it was foreseeable to a reasonable person in the position of the City, that the footage constituted evidence which was material to potential civil litigation.

98. As a direct and proximate result of Defendant City of Chicago's failure to preserve the video, Plaintiff has suffered damages in the form of emotional and mental distress.

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VII
### State Claim- Intentional Infliction of Emotional Distress
### Against the City of Chicago

99. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

100. The acts and conduct of Defendant Officers, as set forth above, were extreme and outrageous.

101. In particular, the conduct of Defendant Officers watching Plaintiff beat himself unconscious and inflict serious and painful injuries while Plaintiff was in custody and then leaving Plaintiff on the cell floor nude without taking it upon themselves to call for medical treatment, placed Plaintiff in a state of anxiety, fear, humiliation, physical pain and severe emotional distress.

102. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

103. The conduct of Defendant Officers was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

104. Defendant Officers were acting within the course and scope of their employment such that the City of Chicago is liable for their actions.

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VIII
### Illinois Law Civil Conspiracy to Interfere with the Rights of Plaintiff
### Against the City of Chicago

105. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

106. Defendant Officers, among themselves, expressly or impliedly formed an agreement to suppress evidence by destroying surveillance footage of the incident at issue in order to cover-up their misconduct.

107. In furtherance of this conspiracy, Defendants agreed to conceal material evidence, namely incriminating video footage of the incident.

108. The conduct described above was done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendants.

109. As a result of this conspiracy to deprive Plaintiff of his rights under Illinois law, Plaintiff was injured including trauma, mental distress, physical damages, medical expenses and severe emotional damages.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Chicago for compensatory damages, punitive damages, costs and such other and additional relief that this Court deems equitable and just.

## COUNT IX
### Indemnification Claim
### Against the City of Chicago

110. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

111. A plaintiff may bring an indemnification claim against a municipality in section 1983 suit under 745 Ill. Comp. Stat. § 10/9-102.

112. In committing the acts alleged, Defendant Officers are members and agents of the Chicago Police Department, and their actions were incident to the service of employment with the Defendant City of Chicago.

113. As a direct and proximate result of Defendant Officers' unconstitutional actions, Plaintiff suffered significant emotional injuries including mental and emotional damage, physical damages and pain and suffering as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

114. The misconduct that was undertaken by the Defendant Officers was within the scope of their employment and under the color of law such that their employer, City of Chicago, is liable for those actions.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded, medical expenses and such other and additional relief that this Court deems equitable and just.

## COUNT X
### *Respondeat Superior* Liability Against the City of Chicago for State Law Claims Against Defendant Officers

115. Plaintiff re-alleges and incorporates all previous paragraphs.

116. Defendant City of Chicago is the employer of Defendant Officers

117. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

118. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of his employment as an employee of the Defendant City of Chicago.

119. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded, medical expenses and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,
CESAR ACOSTA
By One of His Attorneys:
s/ Abby D. Bakos
Abby D. Bakos

Shiller*Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590